UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CALVIN M. HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:05-cv-86 |
| ) | *Edgar* |
| C.C.A. SILVERDALE DETENTION ) | |
| CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $250.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action will be **DISMISSED WITHOUT PREJUDICE**.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Porter v. Nussle*, 122 S. Ct. 983 (2002). *See also Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001) ("We note, however, that, while it is true we have concluded § 1997e does not impose a jurisdictional bar to federal jurisdiction, we have also concluded

that the obligation to exhaust administrative remedies before resort to federal court is a mandatory one.") (citations omitted). The PLRA's exhaustion requirement applies to prisoners held in privately operated correctional facilities as well as in state prisons and jails. *Boyd v. Corrections Corporation of America*, 380 F.3d 989 (6th Cir. 2004).

In order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner cannot simply state in his complaint that his claims have been exhausted. *Id*. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*.

Plaintiff is an inmate in the C.C.A. Silverdale Detention Center. The defendants are the facility itself, Warden Hobbs, Chief of Security Quinn, Shift Captain Hartman, and Correctional Officer McCown. Plaintiff alleges that, while handcuffed, defendant McCown ran him into a wall and then slammed him into the ground. Plaintiff claims he has been trying to get medical attention for shoulder injuries since this incident. Plaintiff further alleges that defendants Hartman and Quinn denied him his due process rights during a disciplinary proceeding for assault on an officer.

Plaintiff states that he "filled out a grievance saying what happened and what I felt should be done about it." [Court File No. 3, Complaint, p. 2]. According to plaintiff, there was no result from the grievance. Plaintiff does not state which alleged violation of his rights was set forth in the grievance nor did plaintiff attach a copy of the grievance. In addition, plaintiff does not claim that he filed a grievance with respect to all claims contained in his civil rights complaint. The exhaustion requirement of the PLRA "requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Jones Bey v. Johnson*, ___ F.3d ___, 2005 WL 1120283 *3 (6th Cir. April 27, 2005).

Under the circumstances, the court finds that plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e for failure to exhaust administrative remedies. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

Because the plaintiff is an inmate in C.C.A. Silverdale Detention Center, he is herewith **ASSESSED** the civil filing fee of **$250.00**. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, P.O. Box 591, Chattanooga, Tennessee 37401, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of one hundred fifty dollars ($250.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum to the Warden of the C.C.A. Silverdale Detention Center, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this memorandum to the Court's financial deputy.

An order will enter.

>               */s/ R. Allan Edgar*
>                R. ALLAN EDGAR
>     CHIEF UNITED STATES DISTRICT JUDGE